UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21cv-21370-BLOOM/Otazo-Reyes

LINDA B. BURKE,

    Plaintiff,

v.

MIAMI DADE COUNTY PUBLIC SCHOOLS,
and ADRENA Y. WILLIAMS, *Principal of
Miami Carol City Sr High*,

    Defendants.

_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"). Plaintiff Linda B. Burke ("Plaintiff" or "Burke") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is **DENIED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Motion to Proceed *in forma pauperis***

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to

pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732 (Feb. 1, 2021). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

Plaintiff swears in her affidavit that her average monthly income during the past twelve months was $9,000.00 and that she expects $4,800.00 in income next month. *See* ECF No. [3] at

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Case No. 21cv-21370-BLOOM/Otazo-Reyes

1. Plaintiff also states that she owns a home and other real estate with a combined value of $325,000.00, in addition to a vehicle valued at $28,000.00. *Id*. at 3. Plaintiff states further that she has a total of $5,913.00 in monthly expenses, and no dependents to support. *See id*. at 3-5. Upon review of the 2021 HHS poverty guidelines, and after examining Plaintiff's financial situation, the Court determines that Plaintiff does not qualify as indigent under § 1915 to proceed *in forma pauperis*, and is required to pay the required filing fee.[2]

## II.     The Complaint

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

---

[2] The 2021 HHS Poverty Guidelines specify that for a family of one, the applicable annual income must be below $12,880.00. *See* 86 Fed. Reg. 7732-34 (Feb. 1, 2021) (setting relevant poverty guidelines). According to the Motion, Plaintiff's annual income for the last twelve months was $108,000.00 and she expects an annual income of $57,000.00 moving forward, at least until her retirement in June, 2021.

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

The Complaint in this case must be dismissed because it fails to state a claim. Burke appears to assert claims for workplace harassment, and violations of the Family and Medical Leave Act ("FMLA"); however, she has provided no facts in support of her claims. Instead, she attaches more than fifty (50) pages of documents, from which the Court is left to divine the facts underlying her claims. Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pleaded. As the Court is unable to ascertain any plausible claims for relief from Plaintiff's allegations, the Complaint must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

2. Plaintiff's Motion, **ECF No. [3],** is **DENIED**.

3. Plaintiff may file an amended complaint that conforms to federal pleading

Case No. 21cv-21370-BLOOM/Otazo-Reyes

standards, **on or before April 26, 2021**. Plaintiff shall file the applicable filing fee together with her amended complaint.

4. Plaintiff is advised that the failure to file an amended complaint or to pay the filing fee will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Linda B. Burke, *pro se*
3830 NW 194 St.
Miami Gardens, FL 33055